UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 28, 2017

LETTER TO COUNSEL

RE: *Robert G. Yoakum v. Commissioner, Social Security Administration*;
Civil No. SAG-16-2841

Dear Counsel:

On August 11, 2016, Plaintiff Robert G. Yoakum petitioned this court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 13, 14). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405. This letter explains my rationale.

Mr. Yoakum filed a claim for Disability Insurance Benefits ("DIB") on October 5, 2012, alleging a disability onset date of October 30, 2008. (Tr. 139-42). His claim was denied initially and on reconsideration. (Tr. 81-84, 86-87). A hearing was held on November 6, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 43-65). Following the hearing, the ALJ determined that Mr. Yoakum was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 22-38). The Appeals Council denied Mr. Yoakum's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Yoakum did not suffer from any severe impairment that significantly limited the ability to perform work through the date last insured. (Tr. 27). Accordingly, the ALJ concluded that Mr. Yoakum was not disabled.

Mr. Yoakum's sole argument on appeal is that the ALJ erred by not determining that his hip disorder constitutes a severe impairment. I disagree. At Step Two, the ALJ must determine whether the claimant has a severe impairment. *See* 20 C.F.R. § 404.1520(c). An impairment is considered "severe" if it significantly limits the claimant's ability to work. *See* 20 C.F.R. § 404.1521(a). The claimant bears the burden of proving that his impairment is severe. *See Johnson v. Astrue*, 2012 WL 203397, at *2 (D. Md. Jan. 23, 2012) (citing *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995)). Here, the ALJ thoroughly considered Mr. Yoakum's hip disorder at Step Two. (Tr. 28-29). In a detailed analysis, the ALJ noted that Mr. Yoakum's hip

disorder "was adequately addressed with surgery and rehabilitation." (Tr. 29). Specifically, the ALJ noted that "on October 20, 2008, [Mr. Yoakum] underwent surgery for a total right hip arthroplasty."[1] *Id.* The ALJ also noted that Mr. Yoakum "attended physical therapy" following his surgery, and cited "an imaging study confirm[ing] that his hardware was in good position." *Id.* Additionally, the ALJ cited "treatment notes indicat[ing] that, '[Mr. Yoakum] look[ed] good' and [that] he was able to return to work" only nine weeks after surgery. *Id.* Moreover, the ALJ noted Mr. Yoakum's admission that he experienced only "a little bit of weakness in his hip flexors and abductors…, a little bit of a limp and a little bit of discomfort, but was still able to work at full speed." *Id.* (internal quotation marks omitted). Furthermore, the ALJ noted that Mr. Yoakum "demonstrated better strength and almost no Trendelenburg gait" on examination, and received routine and conservative post-operative treatment prior to his discharge. *Id.* Ultimately, the ALJ concluded that "[Mr. Yoakum] progressed well after surgery and returned to work" in the absence of "any significant symptoms or limitations." *Id.*

Importantly, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supported the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Thus, even if there is other evidence that may support Mr. Yoakum's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Accordingly, the ALJ fairly concluded that Mr. Yoakum's hip disorder had no more than a *de minimis* effect on his ability to work. Therefore, remand on this basis is unwarranted.

For the reasons set forth herein, Mr. Yoakum's Motion for Summary Judgment (ECF No. 13) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 14) is GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

[1] Additionally, Mr. Yoakum notes that he "underwent additional surgery in July 2011, to redo his hip replacement from October 2008." Pl. Mot. 7. However, because his 2011 surgery occurred two years after his date last insured of June 30, 2009, (Tr. 25), it is not relevant to the consideration of his application for disability insurance benefits.